# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEALTHY GULF, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as<br>SECRETARY OF THE INTERIOR, *et al.*,<br><br>   *Defendants*,<br><br>and<br><br>CHEVRON U.S.A. INC.,<br><br>   *Proposed Intervenor-Defendant*. | No. 1:25-cv-04016-APM |

## [PROPOSED] ANSWER OF INTERVENOR-DEFENDANT CHEVRON U.S.A. INC. TO PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendant Chevron U.S.A. Inc. ("Chevron") hereby answers and asserts its defenses and affirmative defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief.[1]  The headings, subheadings, and numbered paragraphs of this Answer correspond to the headings, subheadings, and numbered paragraphs of the Complaint.[2]

---

[1] Because Plaintiffs bring this action under the Administrative Procedure Act, the merits of the claims must be reviewed pursuant to the judicial review provisions of the Act, 5 U.S.C. § 706, so the allegations of fact in the Complaint and responses in an answer are not relevant to judicial review.  *See American Bioscience v. Thompson*, 269 F.3d 1077, 1082-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of an agency action under the APA, the district judge sits as an appellate tribunal.  The 'entire case' on review is a question of law.") (footnote omitted). Chevron nevertheless submits its proposed answer the extent required under the Federal Rules of Civil Procedure.

[2] The headings and subheadings from the Complaint are included herein only for purposes of clarity and organization, and Chevron does not admit, but rather specifically denies, any factual or legal allegations contained therein.

1.      The first sentence in Paragraph 1 characterizes Plaintiffs' claims and therefore does not require a response.  Chevron denies these allegations to the extent a response is required, and Chevron denies all remaining allegations in Paragraph 1.

2.      Chevron admits that the Gulf of America[3] is home to many marine species, including several species of sea turtles, the Rice's whale, and other marine mammals.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 2, and therefore denies the same.

3.      Chevron admits that oil and gas activities occur in the Gulf of America and that the 2010 explosion on the Deepwater Horizon resulted in an oil spill.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 3, and therefore denies the same.

4.      Chevron admits the allegations in the first sentence of Paragraph 4.  The remaining allegations of Paragraph 4 purport to characterize the law and agency documents, to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the law or agency documents, and Chevron denies any further allegations to which a response is required.

5.      Paragraph 5 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

---

[3] Footnote 1 to the Complaint purports to characterize an executive order and explains Plaintiffs' use of the term "Gulf of Mexico" in its Complaint, to which no response is required.  Chevron uses the term "Gulf of America" in this Answer, except in headings and subheadings, where Chevron uses the term "Gulf of Mexico" as used by Plaintiffs.

6.      Paragraph 6 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

7.      Chevron denies the allegations in the first and third sentences of Paragraph 7. Chevron is without information sufficient to form a belief as to the vague allegations in the second sentence of Paragraph 7, and therefore denies the same.

8.      Chevron denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 characterize Plaintiffs' requested relief and therefore do not require a response.  To the extent any response is required, Chevron denies that Plaintiffs are entitled to the relief they seek.

## JURISDICTION AND VENUE

10.      Paragraph 10 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

11.      Paragraph 11 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

12.      Paragraph 12 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

**PARTIES**

13.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 13, and therefore denies the same.

14.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 14, and therefore denies the same.

15.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 15, and therefore denies the same.

16.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 16, and therefore denies the same.

17.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 17, and therefore denies the same.

18.     Chevron is without information sufficient to form a belief as to the allegations of Paragraph 18, and therefore denies the same.

19.     Chevron is without information sufficient to form a belief as to the vague allegations in the first six sentences of Paragraph 19, and therefore denies the same.  The allegations in the seventh through tenth sentences of Paragraph 19 constitute conclusions of law, to which no response is required and which Chevron denies to the extent a response is required.

20.     Chevron is without information sufficient to form a belief as to the vague allegations in the second sentence of Paragraph 20, and therefore denies the same.  The remaining allegations in Paragraph 20 constitute conclusions of law, to which no response is required and which Chevron denies to the extent a response is required.

21.     Chevron admits that Doug Burgum is the Secretary of the Interior.  The remainder of Paragraph 21 purports to characterize the law, to which no response is required.  Chevron

denies these allegations to the extent they mischaracterize the law, and Chevron denies any further allegations to which a response is required.

22.     Chevron admits that Matthew Giacona is the Acting Director of the Bureau of Ocean Energy Management.  The remainder of Paragraph 22 purports to characterize the law, to which no response is required.  Chevron denies these allegations to the extent they mischaracterize the law, and Chevron denies any further allegations to which a response is required.

23.     Paragraph 23 purports to characterize the law, to which no response is required. Chevron denies these allegations to the extent they mischaracterize the law, and Chevron denies any further allegations to which a response is required.

24.     Paragraph 24 purports to characterize the law, to which no response is required. Chevron denies these allegations to the extent they mischaracterize the law, and Chevron denies any further allegations to which a response is required.

## STATUTORY BACKGROUND

25.     Paragraph 25 purports to characterize the law, to which no response is required. Chevron denies these allegations to the extent they mischaracterize the law, and Chevron denies any further allegations to which a response is required.

I.      NATIONAL ENVIRONMENTAL POLICY ACT

26.     Paragraph 26 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

27.     Paragraph 27 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

28.     Paragraph 28 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

29.     Paragraph 29 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

30.     Paragraph 30 purports to characterize the law and an agency document, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the law or agency document, and Chevron denies any further allegations to which a response is required.

31.     Paragraph 31 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

II.     OUTER CONTINENTAL SHELF LANDS ACT

32.     Paragraph 32 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

33.     Paragraph 33 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

34.     Paragraph 34 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

35.     Paragraph 35 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

36.     Paragraph 36 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

37.     Paragraph 37 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

38.     Paragraph 38 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

39.     Paragraph 39 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

40.     Paragraph 40 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

41.    Paragraph 41 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

42.    Paragraph 42 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

43.    Paragraph 43 purports to characterize the law and an agency document, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the law or agency document, and Chevron denies any further allegations to which a response is required.

44.    Paragraph 44 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

III.    ADMINISTRATIVE PROCEDURE ACT

45.    Paragraph 45 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

46.    Paragraph 46 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

47.    Paragraph 47 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

48.     Paragraph 48 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

49.     Paragraph 49 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

IV.     RECONCILIATION ACT

50.     Paragraph 50 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

51.     Paragraph 51 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

52.     Paragraph 52 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

53.     Paragraph 53 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

## STATEMENT OF FACTS

I.    THE RICH ECOSYSTEM OF THE GULF OF MEXICO

54.    Chevron admits that the Gulf of America is a valuable resource.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 54, and therefore denies the same.

55.    Chevron admits that the Gulf of America is home to many marine species, including various fish, marine mammals, sea turtles, birds, and invertebrates.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 55, and therefore denies the same.

56.    Chevron admits that the Gulf of America is home to certain species that are listed as endangered or threatened under the Endangered Species Act, including the Rice's whale. Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 56, and therefore denies the same.

57.    Chevron admits that the Gulf of America is a valuable resource.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 57, and therefore denies the same.

II.    ENVIRONMENTAL HARMS FROM OIL AND GAS DEVELOPMENT

58.    Chevron admits that extensive oil and gas activities occur in the Outer Continental Shelf of the Gulf of America.  Chevron is without information sufficient to form a belief as to the allegations in the remainder of Paragraph 58, and therefore denies the same.

59.    Chevron admits that Gulf oil and gas lessees perform activities on their leases. Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 59, and therefore denies the same.

60.     Chevron is without information sufficient to form a belief as to the vague allegations in Paragraph 60, and therefore denies the same.

61.     Chevron admits that the Deepwater Horizon incident in April 2010 resulted in an oil spill and the deaths of several crew members.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 61, and therefore denies the same.

62.     Chevron admits that the Deepwater Horizon incident resulted in an oil spill. Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 62, and therefore denies the same.

63.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 63, and therefore denies the same.

64.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 64, and therefore denies the same.

65.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 65, and therefore denies the same.

66.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 66, and therefore denies the same.

67.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 67, and therefore denies the same.

68.     Chevron admits that decommissioning activities include plugging wells and removing oil and gas infrastructure.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 68, and therefore denies the same.

69.     Paragraph 69 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

70.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 70, and therefore denies the same.

71.     The second and fifth sentences in Paragraph 71 purport to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents.  Chevron is without information sufficient to form a belief as to the vague allegations in the remainder of Paragraph 71, and therefore denies the same.

72.     Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 72, and therefore denies the same.

III.    CLIMATE CHANGE IN THE GULF OF MEXICO

73.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities— that contribute to geophysical changes collectively known as climate change.

74.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

75.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

76.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies

those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

77.     This Paragraph purports to characterize a Government Accountability Office report as well as unidentified studies and research as well as a government report, to which no response is required, and about which Chevron lacks information sufficient to form a belief. Chevron denies the allegations in this Paragraph to the extent they mischaracterize the referenced report or the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

78.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

79.     This Paragraph purports to characterize a report prepared by the U.S. Global Change Research Program as well as unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the referenced report or the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

80.     This Paragraph purports to characterize unidentified studies and research, to which no response is required, and about which Chevron lacks information sufficient to form a belief.  Chevron denies the allegations in this Paragraph to the extent they mischaracterize the unidentified studies, research, and analysis.  Chevron otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in this Paragraph and therefore denies those allegations, except that Chevron admits that combustion of coal, oil, and natural gas to meet the global demand for energy and to support national security, economic prosperity, and public health, safety, and welfare, results in greenhouse gas emissions—as do other activities—that contribute to geophysical changes collectively known as climate change.

IV.     THE 2024-2029 OUTER CONTINENTAL SHELF LEASING PROGRAM AND LEASE SALE 262

81.     Paragraph 81 purports to characterize the law and agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent

it mischaracterizes the law or agency documents, and Chevron denies any further allegations to which a response is required.

82.    Paragraph 82 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

83.    Paragraph 83 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

84.    Paragraph 84 purports to characterize Plaintiffs' comments, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the comments.

85.    Paragraph 85 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

V.    THE FINAL PROGRAMMATIC EIS

86.    Paragraph 86 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

87.     Paragraph 87 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

88.     The first sentence of Paragraph 88 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document.  The second sentence of Paragraph 88 purports to characterize the law, to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

89.     The first, second, and fourth sentences of Paragraph 89 purport to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document.  The allegations in the third sentence of Paragraph 89 constitute conclusions of law, to which no response is required.  Chevron denies any further allegations to which a response is required.

90.     Paragraph 90 purports to characterize an agency document and a plaintiff's comments, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document or comments, and Chevron denies any further allegations to which a response is required.

91.     Paragraph 91 purports to characterize an agency document and plaintiffs' comments, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

17

VI.    THE GULF LEASE SALE

92.    Paragraph 92 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

93.    Chevron is without information sufficient to form a belief as to the allegations of Paragraph 93, and therefore denies the same.

94.    Chevron admits that the Bureau of Ocean Energy Management issued the Final Notice of Sale for the Gulf Lease Sale on November 10, 2025, and that Defendant Giacona's name appears on the notice.  The remaining allegations in Paragraph 94 purport to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

95.    Paragraph 95 purports to characterize an agency document, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency document, and Chevron denies any further allegations to which a response is required.

96.    Paragraph 96 purports to characterize a news article, which speaks for itself and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the article, and Chevron denies any further allegations to which a response is required.

VII.    DEFENDANT GIACONA'S IMPROPER INVOLVEMENT IN THE GULF LEASE SALE

97.    Chevron admits that Defendant Giacona is the Acting Director of the BOEM and that he was previously employed by the National Ocean Industries Association ("NOIA").

Chevron is without information sufficient to form a belief as to the remaining allegations of Paragraph 97, and therefore denies the same.

98.    Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 98, and therefore denies the same.

99.    Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 99, and therefore denies the same.

100.    Chevron admits that it is a member of NOIA and that Defendant Giacona's name appears on the Final Notice of Sale.  Chevron is without information sufficient to form a belief as to the remainder of Paragraph 100, and therefore denies the same.

101.    Chevron is without information sufficient to form a belief as to the allegations of Paragraph 101, and therefore denies the same.

**CLAIMS FOR RELIEF**

**<u>First Cause of Action</u>**

**Violation of NEPA and APA: Failure to Prepare an EIS for the Gulf Lease Sale**

102.    Chevron incorporates by reference its responses to Paragraphs 1-101 as set forth above.

103.    Paragraph 103 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

104.    Paragraph 104 purports to characterize the law and an agency document, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the law or agency document, and Chevron denies any further allegations to which a response is required.

105.     Chevron is without information sufficient to form a belief as to the vague allegations in the first sentence of Paragraph 105, and therefore denies the same. The second sentence of Paragraph 105 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

106.     Chevron denies the allegations in Paragraph 106.

107.     Chevron denies the allegations in Paragraph 107.

## Second Cause of Action

**Violation of NEPA and APA: Failure to Take a Hard Look at the Reasonably Foreseeable Environmental Effects of the Gulf Lease Sale**

108.     Chevron incorporates by reference its responses to Paragraphs 1-107 as set forth above.

109.     Paragraph 109 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

110.     Paragraph 110 purports to characterize agency documents, which speak for themselves and to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

111.     Paragraph 111 purports to characterize agency documents, which speak for themselves and to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

112.    Paragraph 112 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

113.    Paragraph 113 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

114.    Paragraph 114 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

115.    Paragraph 115 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

116.    Chevron denies the allegations in Paragraph 116.

117.    Chevron denies the allegations in Paragraph 117.

**Third Cause of Action**

**Violation of NEPA and APA: Failure to Consider a Reasonable Range of Alternatives**

118.    Chevron incorporates by reference its responses to Paragraphs 1-117 as set forth above.

119.    Paragraph 119 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

120.    Paragraph 120 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

121.    Paragraph 121 purports to characterize agency documents and Plaintiffs' comments, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents or comments, and Chevron denies any further allegations to which a response is required.

122.    Paragraph 122 purports to characterize agency documents, which speak for themselves and to which no response is required.  Chevron denies this paragraph to the extent it mischaracterizes the agency documents, and Chevron denies any further allegations to which a response is required.

123.    Chevron denies the allegations in Paragraph 123.

124.    Chevron denies the allegations in Paragraph 124.

## Fourth Cause of Action

### Violation of the APA: Improper Involvement of Defendant Giacona

125.    Chevron incorporates by reference its responses to Paragraphs 1-124 as set forth above.

126.    Paragraph 126 purports to characterize the law, to which no response is required. Chevron denies this paragraph to the extent it mischaracterizes the law, and Chevron denies any further allegations to which a response is required.

127.    Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 127, and therefore denies the same.

128.    Chevron is without information sufficient to form a belief as to the vague allegations of Paragraph 128, and therefore denies the same.

129.    Chevron denies the allegations in Paragraph 129.

130.    Chevron denies the allegations in Paragraph 130.

### REQUEST FOR RELIEF

Chevron denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

### CHEVRON'S AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Plaintiffs lack standing to bring their claims.

3.    Plaintiffs have failed to state a claim upon which relief can be granted.

4.    Plaintiffs failed to exhaust administrative remedies.

5.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ripeness, and/or laches.

6.    There is neither factual nor legal support for injunctive or equitable relief.

7.    Chevron reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, Chevron prays that this Court deny Plaintiffs' claims, dismiss the Complaint with prejudice, and award such other relief as the Court deems appropriate.

Respectfully submitted this 1st day of December, 2025.

/s/ Sean Marotta
Sean Marotta (D.C. Bar 1006494)
Dana A. Raphael (D.C. Bar 1741559)
Keenan Roarty (D.C. Bar 90009018)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-5600
sean.marotta@hoganlovells.com
dana.raphael@hoganlovells.com
keenan.roarty@hoganlovells.com

Sarah C. Bordelon (D.C. Bar 987135)
HOLLAND & HART LLP
5470 Kietzke Lane, Suite 100
Reno, NV  89511
(775) 327-3000
scbordelon@hollandhart.com

*Attorneys for Proposed Intervenor-Defendant Chevron U.S.A. Inc.*