ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

SHANNON BOYLAN (D.C. Bar No. 1724269)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-9584; Fax: (202) 305-0506
E-mail: shannon.boylan@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HEALTHY GULF, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as SECRETARY OF THE INTERIOR, *et al*., <br><br> *Defendants,* <br><br> and <br><br> CHEVRON U.S.A. INC., AMERICAN PETROLEUM INSTITUTE, <br><br> Intervenor-Defendants. | Civil Action No. 1:25-CV-04016-APM |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Doug Burgum, in his official capacity as

Secretary of the United States Department of Interior ("Department" or "Interior"); the Bureau of

Ocean Energy Management ("BOEM"); and Mathew Giacona in his official capacity as the Acting

Director of the Bureau of Ocean Energy Management (collectively, "Defendants"), by their undersigned counsel, submit the following Answer to the claims and allegations set forth in the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by the Healthy Gulf Association, Friends of the Earth, the Center for Biological Diversity, Natural Resources Defense Council, and the Sierra Club (collectively, "Plaintiffs").

## RESPONSE TO COMPLAINT ALLEGATIONS

The paragraph numbers and headings in this Answer correspond to the paragraph numbers and headings in Plaintiffs' Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegation, Defendants deny those allegations.

## INTRODUCTION

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of its case, to which no response is required. To the extent a response may be required, Defendants deny the allegations, deny any violation of law and deny Plaintiffs are entitled to any relief.

2.      The first sentence of paragraph 2 is vague and ambiguous, and thus Defendants lack knowledge or information sufficient to form a belief as to its truth or falsity. The footnote purports to refer to an Executive Order ("E.O."), which speaks for itself and is the best evidence of its contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of the E.O. Defendants aver that the Gulf of Mexico (the Gulf) is home to multiple species of sea turtles and to the Rice's whale but deny any remaining allegations in the second sentence of paragraph 2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 2 and deny them on that basis. To the extent that any additional response is required, Defendants deny the allegations.

3.      With the exception of the Deepwater Horizon spill, which Defendants admit occurred in 2010, the allegations in the first, second, and third sentences of paragraph 3 are vague and ambiguous, and Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity and deny them on this basis. To the extent that any other response is required, Defendants deny any remaining allegations, deny any violation of law and deny that Plaintiffs are entitled to any relief.

4.      The allegations in the first and third sentences of paragraph 4 characterizes the November 10, 2025, Final Notice of for the Gulf Lease Sale ("Final Notice"), which speaks for itself and is the best evidence of its contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of the notice. The allegations in the second sentence of paragraph 4 purport to characterize the One Big Beautiful Bill Act of 2025 ("OBBBA"), which speaks for itself and is the best evidence of its contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute. The allegations in the third sentence of paragraph 4 also constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations. To the extent that any other response is required Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

5.      The allegations in the first sentence in Paragraph 5 characterize the August 19, 2025, Final Programmatic Environmental Impact Statement ("PEIS"), which is the speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the PEIS.. Defendants admit the allegations in the second and third sentences in paragraph 5. To the extent that any other response is required Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

6.      The allegations in Paragraph 6 characterize the PEIS and the Outer Continental Shelf Lands Act ("OCSLA"), both of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the PEIS and OCSLA. Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

7.      The allegations in the first sentence of paragraph 7 constitute legal conclusion to which no response is required. To the extent a response may be required, Defendants deny the allegations. The allegations in the second sentence of paragraph 7 purport to describe advice and instructions from the Department Ethics Office, which speak for themselves and are the best evidence of their contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of this advice or instructions Defendants aver that Mr. Giacona was briefed on federal ethics requirements but deny that the Interior Ethics Office conveyed either directions or prohibitions on his actions. The allegations in the third sentence of paragraph 7 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

8.      The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

9.      The allegations in paragraph 9 constitute Plaintiffs' characterization of their case and requested relief to which no response is required. To the extent that a response may be required, Defendants deny any violations of law and deny that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

10.     The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

11.     The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

12.     The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

**PARTIES**

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny them.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny them.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny them.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny them.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny them.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny them.

19.     Defendants aver that offshore leasing activities may lead to increased vehicle traffic or noise pollution that may have an impact on marine species and habitats. The allegations in the first, second and third sentences of paragraph 19 are otherwise vague and ambiguous, and Defendants therefore lack knowledge or information sufficient to form a belief about their truth or falsity and deny them on this basis. The allegations in the remainder of paragraph 19 constitute Plaintiffs' characterization of their case and requested relief to which no response is

required. To the extent that a response may be required, Defendants deny the allegations, deny any violations of law and deny that Plaintiffs are entitled to any relief.

20.     The allegations in the first sentence of paragraph 20 are legal conclusions to which no response is required; to the extent that a response may be required, Defendants deny the allegations, deny any violations of law and deny that Plaintiffs are entitled to any relief. The allegations in second, third, fourth, and fifth sentences are vague and ambiguous, and Defendants therefore lack knowledge or information sufficient to form a belief about their truth or falsity and deny them on this basis. The allegations in the sixth and seventh sentences of paragraph 20 constitute legal conclusions to which no response is required. To the extent that a response may be required, Defendants deny the allegations, deny any violations of law and deny that Plaintiffs are entitled to any relief.

21.     Defendants admit that Doug Burgum is the Secretary of the Interior. The remaining allegations in paragraph 21 are legal conclusions to which no response is needed, or purport to characterize statutes which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes.

22.     Defendants admit that Matthew Giacona is the Acting Director of BOEM. The remaining allegations in paragraph 22 are legal conclusions to which no response is needed, or purport to characterize statutes which speak for themselves and are the best evidence of the contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes.

23.     Defendants admit that the Department of the Interior is a federal department, led by the Secretary of the Interior, that is allocated the authority to implement and enforce OCSLA.

The allegations in Paragraph 23 purport to characterize OCSLA and the National Environmental Policy Act ("NEPA"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context or meaning of the statutes. The remaining allegations in paragraph 23 are legal conclusions to which no response is needed; to the extent a response may be otherwise required, Defendants deny the allegations, deny any violations of law and deny that Plaintiffs are entitled to any relief.

24.     Defendants admit that BOEM is a federal agency within the Department of the Interior. The remaining allegations in Paragraph 24 are legal conclusions to which no response is needed; to the extent a response may be otherwise required, Defendants deny the allegations, deny any violations of law and deny that Plaintiffs are entitled to any relief.

### STATUTORY BACKGROUND

25.     The allegations in paragraph 25 characterize NEPA, OCSLA, the Administrative Procedure Act ("APA"), and the OBBBA, each of which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes.

### NATIONAL ENVIRONMENTAL POLICY ACT

26.     The allegations in paragraph 26 characterize NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

27.     The allegations in paragraph 27 characterize and/or quote from NEPA and federal judicial opinions, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and opinions.

28.     The allegations in paragraph 28 characterize and quote from NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

29.     The allegations in paragraph 29 characterize and quote from NEPA, which is speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

30.     The allegations in paragraph 30 characterize and quote from the Department of Interior Handbook of National Environmental Policy Act Implementing Procedures (NEPA Handbook), NEPA itself, and federal judicial opinions, each of which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents, statute and opinions referenced.

31.     The allegations in the first sentence of paragraph 31 constitute conclusions of law to which no response is required; to the extent a response is otherwise required, Defendants deny the allegations, deny any violation of law and deny that Plaintiffs are entitled to any relief. The remainder of paragraph 31 characterizes NEPA, Interior's NEPA handbook, and a federal judicial opinion, each of which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents, statute or opinion.

OUTER CONTINENTAL SHELF LANDS ACT

32.     The allegations in paragraph 32 characterize OCSLA and a Federal Register notice, each of which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute or notice.

33.     The allegations in paragraph 33 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

34.     The allegations in paragraph 34 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

35.     The allegations in paragraph 35 characterize OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

36.     The allegations in paragraph 36 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

37.     The allegations in paragraph 37 characterize and/or quote from OCSLA and federal regulations, each of which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and the regulations.

38.     The allegations in paragraph 38 characterize and quote from federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the regulations.

39.     The allegations in paragraph 39 characterize and/or quote from OCSLA and federal regulations, each of which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and the regulations.

40.     The allegations in paragraph 40 characterize and quote from federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the regulations.

41.     The allegations in paragraph 41 characterize OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

42.     The allegations in paragraph 42 characterize OCSLA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

43.     The allegations in paragraph 43 characterize and/or quote from Interior's NEPA Handbook, as well as federal regulations and judicial opinions, each of which speaks for itself and is the best evidence for its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents, regulations and judicial opinions.

44.     Defendants aver that BOEM is an agency within the Department of Interior. The remaining allegations in paragraph 44 characterize federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the regulations.

ADMINISTRATIVE PROCEDURE ACT

45.     The allegations in paragraph 45 characterize the APA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

46.     The allegations in paragraph 46 characterize and quote from the APA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

47.     The allegations in paragraph 47 characterize and quote from the APA, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

48.     The allegations in paragraph 48 characterize NEPA and the APA, each of which speak for itself and is the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes. Furthermore, the allegations in Paragraph 48 constitute legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the allegations.

49.     The allegations in paragraph 49 characterize and quote from federal judicial opinions, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the opinions.

RECONCILIATION ACT

50.     The allegations in paragraph 50 characterize the OBBBA, which speaks for itself and is the best evidence for its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

51.     The allegations in paragraph 51 characterize and quote from the Reconciliation Act, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

52.     The allegations in paragraph 52 characterize and quote from the Reconciliation Act, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

53.     The allegations in paragraph 53 characterize and quote from the Reconciliation Act, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

**STATEMENT OF FACTS**

54.     The allegations in paragraph 54 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about their truth or falsity. To the extent that a response may be required, Defendants deny the allegations.

55.     Defendants admit that the Gulf of America plays home to a range of marine species, including multiple species of sea turtles and coral. The allegations in the remainder of paragraph 55 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about their truth or falsity. To the extent that a response may be required, Defendants deny the allegations.

56.     Defendants admit that there are marine and coastal species that occur in the Gulf of America that are listed as endangered or threatened under the Endangered Species Act, including the Rice's whale. Defendants aver that the Rice's whale is critically endangered, with possibly as little as 51 individuals of the species remaining.

57.     The allegations in paragraph 57 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about their truth or falsity. To the extent that a response may be required, Defendants deny the allegations.

58.     The allegations in the first sentence of paragraph 58 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. Defendants admit in part the allegations in the second sentence of paragraph 58, except to state that, as of January 4, 2025, there were only 1,274 active platforms.

59.     The allegations in the first sentence of paragraph 59 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. In response to the allegations in the second sentence of paragraph 59, Defendants aver that seismic surveying, drilling, pipeline installation, and oil transportation are all activities that might take place during oil exploration and development and carry the potential for adverse effects on their local environment. The allegations in the final clause of the second sentence of paragraph 59 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

60.     The allegations in paragraph 60 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

61.     The allegations in the first sentence of paragraph 61 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Defendants aver that the Deepwater Horizon incident occurred on April 20, 2010. The remaining allegations in paragraph 61 characterize a federal judicial opinion which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context or meaning of the opinion.

62.    Defendants admit that the Deepwater Horizon explosion resulted in an oil spill that lasted over 80 days, releasing over 100 million gallons of oil and natural gas until the well was capped, and which impacted wildlife and habitat of the Gulf. Defendants admit that the total contaminated area of the spill was more than 112,000 kilometers of ocean water and 2,100 kilometers of shoreline.. The remaining allegations in paragraph 62 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis.

63.    The allegations in the first sentence of paragraph 63 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations. In response to the allegations in the second sentence of paragraph 63, Defendants admit that the Rice's whale (known as the Gulf of Mexico Bryde's whale at the time) experienced a roughly 22 percent population reduction as a result of the Deepwater Horizon spill. The remaining allegations in the second sentence of Paragraph 63 are vague and ambiguous and Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity, denying the allegations on that basis. The allegations in the last sentence of paragraph 63 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

64.    The allegations contained in paragraph 64 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

65.    The allegations in the first sentence of paragraph 65 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or

falsity and therefore deny them on this basis. In response to the allegations in the second sentence of paragraph 65, Defendants admit that a 26,000-barrel spill occurred within Louisiana state waters in November of 2023. Defendants also admit that there is an ongoing spill in the Gulf that began in 2004 from the Taylor Energy MC-20 platform but notes that the product of the spill is currently and has been captured since 2019. The remaining allegations contained in paragraph 65 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

66.    The allegations contained in paragraph 66 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

67.    The allegations contained in paragraph 67 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

68.    The allegations contained in paragraph 68 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

69.    The allegations in the first five sentences of paragraph 69 purport to characterize or quote from multiple unnamed Government Accountability Office reports, each of which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning or context of the reports. The last sentence is vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a

belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

70.    The allegations in the first sentence of paragraph 70 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations. Regarding the allegations in the fourth sentence of paragraph 70, Defendants admit that a spill occurred from Well 59 in Louisiana state waters in April of 2025. The allegations in the sixth sentence of paragraph 70 characterize unnamed scientific reports which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the reports. The allegations in the remainder of paragraph 70 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis.

71.    The allegations in the first sentence of paragraph 71 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations. The allegations in the second and last sentences of paragraph 71 characterize and quote from unnamed Government Accountability Office reports which speaks for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the reports. The allegations in the third and fourth sentences of paragraph 71 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. The allegations in the last sentence of paragraph 71 characterize and quote from an unnamed government report which speaks for itself

and is the best evidence of its content. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the report.

72.     Defendants admit that, when an oil and gas company goes bankrupt, there is the potential for remaining infrastructure owned by that entity to be left without a solvent operator or predecessor to perform decommissioning activities. Defendants admit the allegations in the second sentence of Paragraph 72, but add that, as of December 10, 2025, the total amount of orphaned infrastructure liability held by the Department has fallen below $197 Million. The remaining allegations in Paragraph 72 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis.

73.     The allegations contained in paragraph 73 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

74.     The allegations contained in paragraph 74 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

75.     The allegations contained in paragraph 75 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

76.     The allegations in the first sentence of paragraph 76 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. Defendants admit the allegations in the second and third sentences of paragraph 76. The remaining allegations in the last sentence of paragraph 76 are vague and

ambiguous; Defendants lack sufficient knowledge to form a belief as to their truth and deny them on this basis.

77.     The allegations in the first sentence of paragraph 77 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. Defendants admit that Hurricane Ivan occurred in 2004 and was the original cause of the spill from Taylor Energy's MC-20 platform. Defendants admit that Hurricanes Katrina and Rita made landfall in 2005. Defendants admit that Hurricane Ike made landfall in 2008 but deny that it caused 24 spills, which cumulatively released over 5,000 barrels of oil, though only a single spill is considered major. The remaining allegations in the second, third, and fourth sentences of paragraph 77 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. The allegations in the last sentence of paragraph 77 characterize and quote from a Government Accountability Office report, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the report.

78.     The allegations contained in paragraph 78 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

79.     The allegations in the first sentence of paragraph 79 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis. The allegations in the second sentence in paragraph 79 characterize a report published in part by the National Oceanic and Atmospheric Administration and the National Aeronautics and Space Administration, which speaks for itself and is the best evidence

of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the report. The allegations in the last sentence of paragraph 79 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on this basis.

80.    The allegations contained in paragraph 78 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. To the extent that a response is required, Defendants deny the allegations.

81.    Defendants admit to the allegations in paragraph 81.

82.    Defendants admit to the allegations in paragraph 82.

83.    The allegations in paragraph 83 purport to characterize the Draft Programmatic Environmental Impact Statement for the Gulf of Mexico Oil and Gas Regional Lease Sales ("Draft PEIS"), which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Draft PEIS.

84.    The allegations in paragraph 84 characterize Plaintiffs' comments submitted in response to the notice and comment period for the Draft PEIS, to which no response is required, and which speak for themselves and are the best evidence of their contents. To the extent that the characterization of these comments are inconsistent with their plain language, context or meaning or that a response is otherwise required, Defendants deny the allegations.

85.    The allegations in paragraph 85 purport to characterize OCSLA as well as the Proposed Notice of Sale issued by BOEM on June 27, 2025, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning or context of the statute and the Proposed Notice of Sale.

86.     The allegations in paragraph 86 characterize both the announcement for the availability of the Final Programmatic Environmental Impact Statement ("Final PEIS") for the Gulf of Mexico Oil and Gas Regional Lease Sales and the Final PEIS itself. Both documents speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the Final PEIS and the announcement of its availability. Defendants admit the allegations in the last sentence of paragraph 86

87.     The allegations in paragraph 87 constitute legal conclusions for which no response is required; to the extent a response is required, Defendants deny the allegations. To the extent that the allegations in paragraph 87 purport to characterize the Final PEIS, which speaks for itself and is the best evidence of its content, Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final PEIS.

88.     The allegations in the first sentence of paragraph 88 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations. The remainder of the allegations in paragraph 88 purport to characterize the Final PEIS, an E.O., NEPA and federal judicial opinions, each of which speak for themselves and are best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final PEIS, E.O., NEPA and the judicial opinions.

89.     The allegations in paragraph 89 constitute legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations. To the extent that the allegations in paragraph 89 purport to characterize the Final PEIS, which speaks for itself and is the best evidence of its content, Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final PEIS.

90.     The allegations in the first four sentences of paragraph 90 constitute legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations. To the extent that the allegations in the first four sentences of paragraph 90 purport to characterize the Final PEIS, which speaks for itself and is the best evidence of its content, Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final PEIS. Defendants admit that Plaintiff Center for Biological Diversity submitted comments on the Proposed Notice of Sale for Lease Sale 262 on August 26, 2025; to the extent that the allegations in the last sentence of Paragraph 90 characterize these comments, they speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context and meaning of the submitted comments and Defendants deny any remaining allegations in this Paragraph.

91.     The allegations of paragraph 91 constitute legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations. To the extent that the allegations in paragraph 91 purport to characterize the Final PEIS and comments submitted by Plaintiffs, which speaks for themselves and are the best evidence of their contents, Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final PEIS and submitted comments.

92.     The allegations in paragraph 92 characterize and quote from BOEM's announcement on August 19, 2025, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, and meaning of the announcement.

93.     The allegations in paragraph 93 characterize and quote from the Final Notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context and meaning of the Final Notice.

94.     The allegations in paragraph 94 characterize and quote from the Final Notice, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context, and meaning of the Final Notice. Defendants admit the allegations in the final sentence of paragraph 94.

95.     The allegations in paragraph 95 characterize and quote from a press release issued along with the Final Notice, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, context or meaning of the press release.

96.     The allegations in paragraph 96 characterize and quote from an unnamed E&E News Article, which speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning or context of the article.

97.     Defendants admit the allegations in the first sentence of paragraph 97. The allegations in the second sentence of paragraph 97 are vague and ambiguous; Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them on this basis.

98.     Defendants deny the allegations in the first sentence of paragraph 98 and aver that the Interior Ethics Office explicitly offers only guidance and advice, and not directions. Defendants admit that the Interior Ethics Office issued interim guidance to Matthew Giacona on March 17, 2025 which recommended that identify, implement, and adhere to the required

recusals while his final review was still pending, but deny that this guidance amounted to a requirement. Defendants admit to the final sentence of Paragraph 98.

99.     In response to the allegations in paragraph 99, Defendants aver that the Interior Ethics Office issued a finalized Ethics Recusals & Screening Arrangement ("ERSA") on July 25, 2025, which contained recommendations against Matthew Giacona's participation in matters that would have resulted in a conflict of interest. Defendants deny that anything in the July 25 ERSA amounted to a categorical prohibition.

100.    Defendants admit that, as part of his position as Acting Director of BOEM, Matthew Giacona has been involved in offshore leasing activities occurring in the Gulf. The remaining allegations in the first sentence of paragraph 100 are vague and ambiguous; Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. Defendants therefore deny them on this basis. The remaining allegations in paragraph 100 characterize and/or quote from Matthew Giacona's official calendar as well as official government briefings or statements, which speak for themselves and are the best evidence of their content. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the calendar items, briefings and statement documents.

101.    The allegations in paragraph 101 purport to characterize unnamed correspondence from members of a House of Representatives committee to the Department of Interior. This communication speaks for itself and is the best evidence of its content. Defendants deny any allegations inconsistent with the plain language, meaning and context of the communications.

**CLAIMS FOR RELIEF**

**First Cause of Action**

**Violation of NEPA and APA: Failure to Prepare an EIS for the Gulf Lease Sale**

102.    Defendants incorporate by reference their responses to the preceding paragraphs.

103.    The allegations in paragraph 103 characterize and quote from NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the statute.

104.    The allegations in paragraph 104 characterize and/or quote from NEPA, Interior's NEPA Handbook and federal judicial opinions, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context or meaning of the handbook and opinions.

105.    The allegations in the first sentence of paragraph 105 purport to characterize the position and argument of Defendants and to which no response is necessary. To the extent that any response is required, Defendants deny the allegations The allegations in the remainder of paragraph 105 characterize the OBBBA as well as federal judicial opinions, both of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context or meaning of the statute or the cited opinions.

106.    The allegations in paragraph 106 constitute conclusions of law to which no response is required. To the extent that any response is required, Defendants deny the allegations.

107.    Defendants deny the allegations in paragraph 107.

**Second Cause of Action**

**Violation of NEPA and APA: Failure to Take a Hard Look at the Reasonably Foreseeable Environmental Effects of the Gulf Lease Sa**

108.    Defendants incorporate by reference their responses to paragraphs 1-107.

109.     The allegations in paragraph 103 characterize and quote from NEPA and federal judicial opinions, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the statute or the opinions.

110.     The allegations in paragraph 110 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

111.     The allegations in paragraph 111 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

112.     The allegations in paragraph 112 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

113.     The allegations in paragraph 113 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

114.     The allegations in paragraph 114 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

115.     The allegations in the first clause of paragraph 115 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations. The allegations in the second clause of 115 characterize the Reconciliation Act,

which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 116.

**Third Cause of Action**

**Violation of NEPA and APA: Failure to Consider a Reasonable Range of Altern**

118.    Defendants incorporate by reference their responses to paragraphs 1-117.

119.    The allegations in paragraph 119 characterize and quote from NEPA and federal judicial opinions, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the statute or the opinions.

120.    The allegations in paragraph 120 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

121.    The allegations in the first sentence of paragraph 121 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations. The allegations in the remainder of paragraph 121 characterize a National Marine Fisheries Service recommendation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, and meaning of the recommendation.

122.    The allegations in paragraph 122 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

123.    The allegations in paragraph 123 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

124.    Defendants deny the allegations in paragraph 124.

## Fourth Cause of Action

### Violation of the APA: Improper Involvement of Defendant Giacona

125.    Defendants incorporate by reference their responses to paragraphs 1-124.

126.    The allegations in paragraph 126 characterize and quote from the APA and federal judicial opinions, each of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plaint language, context or meaning of the statute or the opinions.

127.    Defendants aver that Matthew Giacona was briefed on interior's ethics rules in March of 2025 but deny that he was issued any directions by the Interior Ethics Office. Defendants aver that Matthew Giacona was issued a final ERSA by the Interior Ethics Office on July 25, 2025, but deny that it contained anything that amounted to categorical prohibitions.

128.    The allegations in paragraph 128 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief as to their truth or falsity. Defendants deny the allegations on this basis.

129.    The allegations in paragraph 129 constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations.

130.    Defendants deny the allegations in paragraph 130.

### REQUEST FOR RELIEF

The remainder of the allegations in the complaint constitute Plaintiffs' request for relief to which no response is required. To the extent that a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiffs' complaint not heretofore specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over Plaintiffs' claims.

2. Plaintiffs have failed to state a claim for which relief can be granted.

3. Plaintiffs lack standing to bring some or all of their claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 23rd day of January 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

*s/ Shannon Boylan*
SHANNON BOYLAN (D.C. Bar No. 1724269)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-9584; Fax: (202) 305-0506
E-mail: shannon.boylan@usdoj.gov

*Attorneys for Federal Defendants*